[Crim. No. 20437. Second Dist., Div. Four. Mar. 27, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
LEONARD IRA LAMB, Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Donald J. Oeser, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendant and Robert Gonzales were jointly charged with: (count I) possession of heroin for sale, in violation of section 11500.5 of the Health and Safety Code; and (count II) possession of methadone, in violation of section 11500, of that code. After a trial to the court, defendant was found guilty on both counts; Gonzales was found guilty, under count I, of the lesser and included offense of possession of heroin and was acquitted on count II.[1] Proceedings under the Narcotics Rehabilitation Act were instituted as to defendant, and he was committed to the Rehabilitation Center. He escaped from that institution and, thereafter, was certified to the superior court as unsuitable for treatment. Superior court proceedings were resumed and defendant was sentenced to state prison.[2] He has appealed;[3] we modify the judgment and affirm it as modified.

---

[1] Defendant Gonzales also was committed to the Narcotic Rehabilitation Center. The record is silent as to anything thereafter; he is not involved in this appeal.

[2] Since the judgment does not specify to the contrary the sentences on the two counts are concurrent (Pen. Code, § 669).

Of two prior felonys charged, the first (grand theft from the person) was found to be true; no disposition was made as to the second alleged prior (violation of § 23105 of the Veh. Code).

[3] By order of this court, defendant's late notice of appeal was accepted and treated as an appeal from the order of commitment which subdivision 1 of section 1237 of the Penal Code treats as a judgment under the circumstances herein involved.

Police officers received information from an informant that a "Welo" Lamb and another man called "Bobby" were selling heroin at 315 South Ynez Street in Monterey Park. A record check disclosed that defendant (Leonard Ira Lamb) was on parole, had given that as his last address and that a warrant for his arrest as a parole violator was outstanding. The officers made contact with Hurst, parole officer, and Hurst and three police officers, in plain clothing, went to the address given. Two officers went to the rear of the house. A woman (later identified as Grace Marie Lamb, defendant's mother) was on the porch. Hurst approached her, identified himself, stated that he was looking for defendant. The woman unlocked the door and Hurst and one police officer entered.[4]

As the agent (Hurst) and the policeman entered, they saw a man running. Hurst knew that the man was not defendant, but the man (co-defendant Gonzales) was immediately arrested. The officers then began a search of the house, looking for defendant. That search disclosed a variety of evidence. In the meantime, defendant, dressed in his underwear, had run out the back door into the arms of the awaiting officers, who arrested him on the parole violation charge. Defendant was returned to the house and a more extensive search resulted in finding even more evidence of narcotic involvement.

## I

■ It is contended that the entry into the house by Hurst and the police officers violated section 1531 of the Penal Code and that all that followed was the fruit of that illegal entry. We disagree.

As we have stated above, the officers had identified themselves to Mrs. Lamb and had advised her of their purpose. She was on the porch of the house, in possession of the door key. The officers were entitled to believe that she was a person authorized to give consent to entry and that notice to her was all that section 1531 required.

■ Some of the evidence used against defendant was first discovered while the officers were searching the house for him and after the Gonzales arrest. But the officers, having arrested defendant, quite legitimately returned him to the house to dress and for further investigation. We recognize that, even in this pre-*Chimel* search, the right of *police officers* to search the house after an arrest outside is questionable under the language of the United States Supreme Court in *Vale* v. *Louisiana* (1970) 399 U.S.

---

[4]Mrs. Lamb testified that Hurst threatened her with a gun, seized her house keys (injuring her hand in the process) and then unlocked the door. We accept, as we must, the officers' version of their dealings with Mrs. Lamb.

30 [26 L.Ed.2d 409, 90 S.Ct. 1969].[5] Hurst was a parole agent, not a policeman. As between Hurst and defendant, there existed a broad power to search, not dependent on arrest or on probable cause, if the search bore a reasonable relationship to parole supervision. (*In re Martinez* (1970) 1 Cal.3d 641, 646-647, fn. 6 [83 Cal.Rptr. 382, 463 P.2d 734].) Even if they had not been discovered before, the search by and under the authority of Hurst would have turned up all of the evidence utilized against defendant. The entry and the arrest of Gonzales, thus, did not make inadmissible, as against defendant, the narcotics ultimately found.

## II

By appropriate motion, defendant sought to learn the identity of the informant whose "tip" had triggered the investigation which led to the events above discussed. The motions were denied. We conclude that the denial was improper but that, in this case, it requires only a modification and not a reversal.

The informant had told of sales, at the house involved, by "Welo" Lamb. Nothing in the record before us indicates any identity between "Welo" and "Leonard" Lamb. As the defendant points out, had the informant been available for interrogation, it might have developed that the sales were by someone other than defendant and that defendant was only a user and not a seller.[6]

Ordinarily, the failure to identity a material witness informer results in a reversal. But, in the case at bench, there was ample and (as we have seen) admissible evidence of possession. The most that the informer could have done for defendant would have been to cast doubt on the defendant's status as a seller. Under those circumstances, the interests of justice are best served by reducing the judgment on count I to that of possession in violation of section 11500 of the Health and Safety Code. We so order.

## III

When the narcotics were offered in evidence at the trial, the

---

[5] "A search may be incident to an arrest ' "only if it is substantially contemporaneous with the arrest and is confined to the *immediate* vicinity of the arrest." ' [Citations.] If a search of a house is to be upheld as incident to an arrest, that arrest must take place *inside* the house, [citation] not somewhere outside—whether two blocks away [citation], twenty feet away [citation], or on the sidewalk near the front steps." (*Vale* v. *Louisiana* (1970) 399 U.S. 30, 33-34 [26 L.Ed.2d 409, 413, 90 S.Ct. 1969].) (Italics in original.)

[6] We recognize that there was other testimony tending to show that defendant's possession was for the purpose of sale. The difficulty is that the informant might have created a substantial conflict in the record.

packaging was in such condition that the contents could have been tampered with. It is suggested that that condition resulted from handling the exhibit at the preliminary examination. But the testimony is uncontradicted that the evidence seized during the raid had reached the forensic chemist in an untampered condition. It was the chemist's testimony that was material; it is unnecessary to produce the actual narcotic at the trial, if the character of the evidence seized is otherwise proved. (*People* v. *Cisneras* (1963) 214 Cal.App.2d 62, 68 [29 Cal.Rptr. 146], and authorities there cited.)

We have read the record and find no other than the one above discussed.[7] The judgment on count I is modified to show a conviction of possession of heroin, in violation of section 11500 of the Health and Safety Code, a lesser offense necessarily included within the offense charged; the judgment on count II is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied April 18, 1972, and appellant's petition for a hearing by the Supreme Court was denied May 23, 1972.

---

[7]We are asked to "strike" Officer Foresta's testimony because his expertise was not sufficiently established. No such contention was made at the trial; the point is not available on appeal.